FEDERAL DEPOSIT INSURANCE COR-
PORATION, as Manager of the FSLIC
Resolution Fund, Plaintiff,

v.

Edward ISRAEL, et al., Defendants.

And Related Cross-claims.

No. CV 87–4124–WDK.

United States District Court,
C.D. California.

July 3, 1990.

Robert M. Ornstein, P.C., Santa Barbara,
Cal., for John Auletta.

Mark L. Weisman, Weisman, Butler,
Watson & Harrison, Beverly Hills, Cal., for
Mark A. Bishop.

Andrew S. Pauly, Stern, Neubauer,
Greenwald & Pauly, Santa Monica, Cal., for
Albert Collins.

Gregory A. Wedner, Bergman & Wed-
ner, Inc., Los Angeles, Cal., for Linda Col-
lins.

Peter K. Rosen, Rosen & Winston, Los
Angeles, Cal., for Richard S. Herschenfeld.

Kevin E. Gaut, Mitchell, Silberberg &
Knupp, Los Angeles, Cal., for Alvin F. Ho-
ward.

Alan W. Wilken, Loeb & Loeb, Los Ange-
les, Cal., for Edward Israel.

Thomas P. Hanrahan, Sidley & Austin,
Los Angeles, Cal., for Robert Margolis.

Robert M. Silverman, Keck, Mahin &
Cate, Los Angeles, Cal., for Michael Moers.

Jeffrey K. Riffer, Jeffer, Mangels, But-
ler & Marmaro, Los Angeles, Cal., for Ron-
ald Shenkman.

Linda F. Sutton, Alschuler, Grossman &
Pines, Los Angeles, Cal., for Stroock &
Stroock & Lavan.

Bruce A. Toor, Gibson, Dunn & Crutcher,
Los Angeles, Cal., for Touche Ross & Co.

Peter W. James, Patrick J. Cain, Gregg
A. Rapoport, Justene M. Ademec, Baker &
Hostetler, McCutcheon Black, Los Angeles,
Cal., for plaintiff Federal Deposit Ins.
Corp. as Manager of the FSLIC Resolution
Fund.

## ORDER RE SUBJECT MATTER JURISDICTION

KELLER, District Judge.

Cross-claim defendant Touche Ross &
Co. moves to dismiss the cross-complaint
for indemnification. One of the grounds
asserted in the motion is that the Court
lacks subject matter jurisdiction over the
claims. Other third-party cross-claim de-
fendants have joined in the motion to dis-
miss. On February 28, 1990, this Court
issued an order for further briefing on the
impact of FIRREA, 12 U.S.C. § 1819(b)(2),
upon the jurisdiction of the Court over

third-party claims. Because proper jurisdiction is a prerequisite to the Court's adjudication of other grounds for dismissal, those motions were taken under advisement pending resolution of this issue.

For the reasons which follow, cross-defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED.

## BACKGROUND

FDIC[1] as conservator for the now defunct Westwood Savings has brought several claims against former directors and officers of Westwood alleging fraud and mismanagement. In turn, several of those defendants (Westwood Defendants) have filed cross-claims against other parties for indemnification, alleging that these parties were deficient in the exercise of their duties to Westwood and the Westwood defendants. These cross-claim defendants, Stroock & Stroock & Lavan and Touche Ross & Co., now move to dismiss the cross-claims.[2]

## DISCUSSION

■ The cross-claims in this suit are ancillary, as are the counterclaims brought by the Westwood defendants against the FDIC. *Danner v. Himmelfarb,* 858 F.2d 515, 521–22 (9th Cir.1988) ("[ancillary] jurisdiction typically involves claims by a defendant party brought into court against its will, or by another person whose rights might be irretrievably lost unless she could insert them in an ongoing federal action"). There is a distinction between the counterclaims and cross-claims, however, in that the latter, brought pursuant to Fed.R. Civ.P. 14(a), bring into play "pendent parties." *Id.; Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *see also Finley v. United States,* — U.S. ——, 109 S.Ct. 2003, 2006 n. 2, 104 L.Ed.2d 593 (1989).[3] As to these, the Ninth Circuit "require[s] an independent jurisdictional

basis for the assertion of federal jurisdiction over pendent parties, even though the additional parties are called upon to answer claims within the court's ancillary jurisdiction." *Danner v. Himmelfarb,* 858 F.2d at 522.

This Court at a previous hearing has noted that the restrictive approach to pendent party jurisdiction conflicts with the simple rationale for ancillary jurisdiction: "Because the court already has jurisdiction over the main claim between the plaintiff and defendants, convenience, economy and fairness dictate that it should be able to resolve all other claims arising out of the same transaction or occurrence, or that relate to the property that is the subject matter of the principal action." *Aldinger v. Howard,* 427 U.S. at 9–12, 96 S.Ct. at 2418–19. To be sure the cross-claims asserted in this matter fall squarely within the policy underlying ancillary jurisdiction. It is only by accident that the third-party defendants were not sued directly by the FDIC, instead of indirectly for indemnification by the Westwood defendants, that they fall in line as pendent parties. But so long as they are only pendent parties they may not be sued in this Court.

The strictures of the pendent party prohibition would be obviated if the claims were supported by an independent basis of jurisdiction. *Finley,* 109 S.Ct. at 2009, 2010. If within the statute conferring federal jurisdiction over suits brought by the FDIC there were an affirmative grant of jurisdiction over cross-claims of this nature then this Court could proceed to adjudicate those claims on the merits instead of referring them to State Court.

The governing jurisdictional statute is 12 U.S.C. § 1819(b)(2).

(2) Federal Court Jurisdiction—

---

1. The FDIC supersedes the FSLIC as the real party in interest pursuant to Fed.R.Civ.P. 25 and section 401 of the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. 101–73, 103 Stat. 183, 354.

2. Stroock & Stroock & Lavan in an earlier motion to dismiss attacked the substantive bases for cross-claimants' indemnification claims but did not raise subject matter jurisdiction. The

Court nevertheless takes up the question of subject matter jurisdiction on Stroock's joinder in Touche's motion under Fed.R.Civ.P. 12(h)(3).

3. The claim that Fed.R.Civ.P. 14(a) itself might provide an independent basis for jurisdiction cannot be sustained. *Finley,* 109 S.Ct. at 2009, n. 6; Fed.R.Civ.P. 82.

(A) In General.—Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.

The broadest reading of that statute would suggest that everything the FDIC touches, it "federalizes." *Yankee Bank for Finance & Savings v. Task Associates,* 731 F.Supp. 64, 67 (N.D.N.Y.1990). That result might seem to flow naturally from the language declaring that "all suits ... to which the [FDIC] ... is a party shall be deemed to arise under [federal law]." So long as the cross-claims are part of the "suit" they fall within the explicit jurisdictional grant. Indeed, this fair and simple reading of the statute is the Westwood defendants' strongest argument: it is hard to subvert the appeal that "all" means "all." (Bishop's Supplemental Memorandum in Opposition to Motion to Dismiss at 4, n. 1; Auletta's Supplemental Memorandum in Opposition at 2.)

The focus on "all" should not, however, be permitted to conduce a misinterpretation of the statute. Cross-plaintiffs contend that "all" means "the whole thing," and in certain contexts this is true. Were the statute to say that "all of the suit to which the FDIC is a party," this denotation of "all" would be proper. But here it is not. The quality of the suit, and whether the FDIC is a party to it, must be determined separately. Regarding "suit[s] of a civil nature" to which the FDIC is a party, the statute commands that *all* of them be brought in federal court, not just those where the FDIC is plaintiff, or defendant, or conservator, or receiver. Thus the inquiry for this Court is whether the cross-claims are part of a "civil suit" to which the FDIC is a party.

The argument for inclusion of the cross-claims in the scope of the definition of "civil suit" similarly relies on a plain reading. This is a civil suit; the FDIC is a party; the cross-claims are brought as part of that suit. Therefore, section 1819(2) is

an express grant of jurisdiction over the cross-claims.

But the argument's breadth overcomes its influence. Other jurisdiction statutes employing similar language have never been read to confer jurisdiction over all other claims merely because they are joined with the "civil suit," even if they are properly joined under the Federal Rules of Civil Procedure. For example, 28 U.S.C. section 1331 grants jurisdiction over "all *civil actions* arising under the Constitution, laws, or treaties of the United States;" 28 U.S.C. section 1337 over "any *civil action* ... arising under Act of Congress regulating commerce ...;" 28 U.S.C. section 1345 authorizes jurisdiction over "all *civil actions, suits or proceedings* commenced by the United States." None of these are taken at face value. *See Danner v. Himmelfarb,* 858 F.2d 515 (section 1331 federal question jurisdiction does not grant jurisdiction over pendent and ancillary claims); *Verville v. International Association of Machinists and Aerospace Workers,* 520 F.2d 615, 618 (6th Cir.1975) (jurisdiction over state claims in suit brought under section 1337 is discretionary); *United States v. City of Twin Falls, Idaho,* 806 F.2d 862 (9th Cir.1986) (no pendent party jurisdiction in "civil actions, suits, or proceedings commenced by the United States").

If the language in these statutes conferring jurisdiction over "all civil actions" or "any civil actions" were read literally there would be no discretion in applying pendent jurisdiction under *United Mineworkers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), and courts would not even be permitted (less required) to dismiss pendent parties on jurisdictional grounds. The following illustrates that proposition. A plaintiff sues a single defendant alleging a single violation of federal law. No doubt, the civil suit arises under federal law. If the plaintiff adds a second claim, one founded on state law, it would still be part of the civil suit. But, if it did, its adjudication would be mandatory under section 1331 conferring jurisdiction over "all civil actions arising under ... federal law," as opposed to discretionary as

it now is under *Gibbs*.[4] Similarly, if the defendant were to assert a cross-claim involving the same transaction against a new party, his would be part of the civil action arising under federal law, jurisdiction would be mandatory, and the rule in *Finley* and *Danner v. Himmelfarb* would be nonsensical.

■ Asserting that the *Finley* rule is nonsensical may be fair, but it is clearly not the state of the law. To read the language of 12 U.S.C. section 1819 broadly would be inconsistent with the interpretation of these other similar longstanding jurisdictional statutes and would eviscerate the rules that have grown up around them. The words "civil actions" or "civil suits" have been read to mean specific claims and not just the general theme of the suit. Thus, 12 U.S.C. section 1819(b)(2) must be read as an explicit grant of jurisdiction only over claims to which the FDIC is a party. This interpretation keeps the FDIC in federal court, subject to the *proviso*, but limits the right of otherwise statebound litigants to haul their disputes into federal court on the coattails of an FDIC intervention. It accords with the canon that a Congressional grant of jurisdiction should be read narrowly, *Healy v. Ratta*, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248 (1934), and that "a grant of jurisdiction over claims involving particular parties does not itself confer jurisdiction over additional claims by or against different parties." *Finley*, 109 S.Ct. at 2010.

Finally, 12 C.F.R. §§ 563.9–3, 563.40–43, 563.17–19(c)(3) & 571.7, which define certain duties of third party defendants to Westwood, cannot sustain federal question jurisdiction. The third-party claims are exclusively state-law indemnification claims. The fact that they may be premised upon a duty defined by federal law does not, by itself, transmute the allegations into federal claims. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

CONCLUSION

No doubt this order makes adjudication of the present controversy even more cumbersome. It requires the Westwood defendants to pursue claims factually related to this litigation in a separate forum. Nevertheless, this is what the law commands. The implications upon the application of 12 U.S.C. section 1819 and other jurisdictional statutes if it were otherwise would be disagreeable. Consequently, the Court hereby DISMISSES the third-party claims brought by the Westwood defendants against Touche Ross & Co. and Stroock & Stroock & Lavan for want of subject matter jurisdiction.

IT IS SO ORDERED.

---

**4.** It is no answer to this argument to limit the rules of joinder in a suit under Fed.R.Civ.P. 18(a) to those arising out of a common nucleus of operative fact. If all common claims were part of the civil suit because of the operation of Rule 18, then the federal courts would be required to hear those properly joined with federal claims. This would negate the rule in *Gibbs* that jurisdiction over additional state-law claims is discretionary. If Rule 18 were so read, it would defy Rule 82's command that the Federal Rules leave jurisdiction and venue unaffected. *See* Fed.R.Civ.P. 18(a) Advisory Committee Notes. So the rules of joinder must be subject to *Gibbs* and *Finley*, and not vice-versa.